8225

## HICKSON LUMBER CO. v. STALLINGS.

Injunction—Timber.—The findings on Circuit that defendant should
be enjoined from cutting timber of plaintiff because he had not com-
plied with his contract in the time he was to begin to cut and in
the amount he was to cut, sustained as the appellant has failed to
satisfy the Court that the findings are against the weight of the
evidence.

Before Shipp, J., Darlington, Spring term, 1911.
Affirmed.

Action by Hickson Lumber Company against Sylvester
Stallings. The Circuit decree is:

"This cause came on to be heard before me at March
term, 1911, of the Court upon the pleadings and the testi-
mony taken and reported by the master under former order
of Court in this case.

"The complaint alleges that the defendant contracted
with the plaintiff to erect and equip upon a site to be fur-
nished by the plaintiff a first-class sawmill and dry kiln capa-
ble of cutting and drying ten thousand feet of lumber per
day and to furnish defendant with orders for same and to
pay him at a stipulated price for all lumber so cut and dried;
also furnishing defendant with standing timber convenient
to said mill for said purpose; alleging further that the
defendant utterly failed to carry out his part of said con-
tract; was dilatory and incompetent and that after many
months' delay had cut only three cars of lumber—had vio-
lated contract also by cutting lumber for other parties and
asked he be enjoined and restrained from cutting the timber
of plaintiff, from using said site and that on account of the
failure of defendant to comply with said contract same be
declared forfeited and asks for damages. The answer of
the defendant alleges that he had been prevented by various

causes from cutting the timber promptly—that he had installed such plant as was called for by the contract and was just about ready to cut and deliver the required amount of lumber when interfered with by the plaintiff; alleging further that he had gone to great expense to prepare to carry out said contract and was greatly damaged by plaintiff's interference and asks damages therefor. There seems to be no question of law involved upon which the attorneys in the cause do not agree and the questions of fact upon the issues raised were very fully argued before me by counsel.

"It appears from the testimony that this contract was entered into by plaintiff with the expectation that the defendant would proceed with promptness to carry out same and use alertness in completing the preparations therefor; and this is shown also from the use of the words 'at once' in the contract.

"The relation sustained by the plaintiff to its customers demanded that it should be promptly furnished with this lumber, that defendant had contracted to supply.

"The testimony further shows that the defendant did not comply with contract or meet these expectations.

"He offered a number of excuses and reasons for not so doing, but these were largely based upon his own want of funds and unpreparedness for the work he had undertaken to do. The only delay for which the plaintiff was responsible was for about three weeks in the early part of the year and was not at all sufficient to account for defendant's continued procrastination, it being only temporary and fully explained in the testimony.

"The testimony of witnesses, who appeared fully competent to so testify, being expert lumbermen of this section, shows that the plant with such delays and hindrances incident to such work could have been placed in position and running in four or five months. It appears that the defend-

ant for lack of means and other causes was unprepared to carry out this contract and has utterly failed so to do, although it was almost twelve months after contract was made before this suit was brought.

"The question of damages was not before me, being reserved in a former order in the cause and in view of the findings of fact herein go out of the case.

"It is, therefore, ordered and decreed, that the injunction heretofore granted in this cause by Judge R. C. Watts be made perpetual.

"That the contract set up in the pleadings be declared abrogated and annulled; and that the plaintiff have leave to enter judgment against the defendant for the costs of this case."

From this decree the defendant appeals.

*Messrs. E. C. Dennis* and *E. O. Woods,* for appellant. *Mr. Dennis* cites: 9 Cyc. 613; 55 L. R. A. 706; 46 S. C. 511.

*Mr. R. T. Caston* and *Geo. E. Dargan,* contra.

June 4, 1912. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. The following statement appears in the case:

"This case was commenced by service of summons and complaint February 7, 1907, asking for recision and cancellation of the contract, set up in complaint and for injunction, upon which an order for a temporary injunction was granted by Judge R. C. Watts. After answer served by defendant, a motion was made in his behalf before Judge Memminger, to dissolve the temporary injunction which was refused, and the injunction continued, until hearing of cause on its merits. From this order defendant served

notice of appeal to the Supreme Court, and thereafter docketed the cause for trial on calendar No. 1. The plaintiff's attorneys thereupon moved before Judge Watts, to transfer the cause from calendar one to calendar two, and from the order of Judge Watts granting this motion, defendant appealed to Supreme Court. Upon hearing on appeal, the order of Judge Watts was sustained, and the cause docketed on calendar No. 2 for trial. The defendant then moved before Judge Klugh, to have issues submitted to a jury, which motion was refused, and, on motion of the plaintiff, it was referred to the master, to take and report testimony. Upon the coming in of this testimony, the defendant again moved before Judge Shipp, to submit issues to jury, which motion was refused, and the case heard by Judge Shipp, on the testimony reported, as well as that offered at the hearing, at Darlington, S. C., Spring term, 1911. This appeal is taken from decree of Judge Shipp."

The decree of his Honor, Judge Shipp, will be set out in the report of the case.

In his decree he says: "There seems to be no question of law involved, upon which the attorneys in the cause do not agree, and the questions of fact upon the issues raised, were fully argued before me by counsel." And the appellant's attorneys in their argument, mentioned "the fact, that the law of the case is admitted," thus showing that only issues of fact are involved.

It was incumbent on the appellant, to satisfy this Court, by the preponderance of the evidence, that his Honor, the presiding Judge, erred in his findings of fact, which he has failed to do.

The testimony is voluminous, and it would not subserve any useful purpose to discuss it in detail.

Judgment affirmed.