8474

YOUMANS v. YOUMANS.

1. Appeal.—It is encumbent on appellant, in an equity case, to satisfy this Court that the findings by the referee and Circuit Judge are against the preponderance of the evidence.

2. Assignee—Mortgages—Notes.—One purchasing a note and mortgage with his own funds has the right to collect the whole amount due on the note for his own benefit, without reference to what he paid for them.

Before Copes, J., Hampton, September, 1912.    Affirmed.

Action by M. V. Youmans against W. F. Youmans et al. Defendants appeal.

Messrs. W. A. Holman and R. C. Holman, for appellant, cite: 66 S. C. 113.

Messrs. Julius P. Youmans and Barrett Jones, contra. Mr. Youmans cites: 58 S. C. 280; 44 S. C. 299.

*Mr. Jones* cites: 55 S. C. 343; 32 S. C. 214.

March 18, 1913. The opinion of the Court was delivered by

MR. JUSTICE WATTS. In September, 1908, Randolph Axsons Sons were the owners and holders of a mortgage over real estate, given them by L. M. Youmans Company, covering 356 acres of land and they commenced an action to foreclose the same.

On October 8, 1908, M. V. Youmans purchased this mortgage from Randolph Axsons Sons and had the notes and mortgage to secure the payment of the same assigned to her, the consideration being $1,100.

She, as assignee, commenced her action to foreclose and enforce the same on February 18, 1910, making L. M. Youmans, the surviving partner of the firm of L. M. Youmans & Company, and the heirs at law of W. F. Youmans, the deceased partner, parties defendants. None of the defendants answered, except Maude Rhodes, a married daughter of the deceased partner, W. F. Youmans. The answer of Mrs. Rhodes alleged that the money used by M. V. Youmans in purchasing the notes and mortgage from Axsons Sons was the property of her deceased father, W. F. Youmans, and that it should inure to the benefit of his estate and heirs. At the time of the purchase and assignment of the notes and mortgage W. F. Youmans was alive. These issues were tried, by order of the Court, before a referee and was heard upon exceptions taken to his report by his Honor, Judge Prince, who made his decree therein in favor of M. V. Youmans and against the contention of Mrs. Maude Rhodes, and decreed that the mortgaged premises should be sold and the claim of M. V. Youmans paid out of the proceeds resulting therefrom. Notice of intention to appeal from this decree was served, but the appeal was never perfected. This decree was dated March 2, 1911.

Later on, certain creditors of L. M. Youmans & Company filed complaints in the nature of creditors' bill, alleging insolvency and for the purpose of calling in creditors, marshaling assets, etc., and also asked for leave to intervene and be made parties to the foreclosure suit for the purpose of contesting the same. On July 18, 1911, four and a half months after final decree in the foreclosure suit had been made by Judge Prince, Judge DeVore passed an order allowing the creditors of L. M. Youmans & Company to intervene in the foreclosure suit and consolidating the action brought by some of the creditors of L. M. Youmans & Company with the foreclosure action. In the action by the creditors, which was consolidated with the foreclosure suit, the validity of the mortgage was assailed on the ground that the money used by M. V. Youmans in purchasing the mortgage belonged either to the firm of L. M. Youmans & Company or to the deceased partner of the said firm, W. F. Youmans, and that the funds so used were applicable to the payment of the debts of the firm of L. M. Youmans & Company, and that the mortgage was void in the hands of M. V. Youmans as against the creditors of said firm. The issues, as made by the pleadings, were referred to George Warren, Esq., to take all of the testimony and call in the creditors of the firm of L. M. Youmans & Company and to report his conclusions thereon to the Court.

The special referee, George Warren, Esq., made his report and found in favor of M. V. Youmans and against the contention of the creditors after taking all of the testimony in the case and argument of counsel *pro* and *con*. Exceptions were duly filed to the report of the special referee and the whole matter came on before his Honor, Judge Copes, for a hearing. After a full hearing, Judge Copes filed his decree overruling all of the exceptions to the referee's report, and says: "I am satisfied that the findings of facts and conclusions of law of the referee are correct, and I hereby approve of the same and adopt them as a part of this decree,"

and a decree was made confirming and approving the report of the referee in every particular, and a decree made dissolving the injunction made in the cause, dismissing the complaint of the creditors and for distribution of the funds in the hands of the Court from the sale of the land under the foreclosure proceedings, etc. The creditors of L. M. Youmans & Company duly excepted to the decree of his Honor in confirming the report of the referee and affirming his findings of fact and conclusions of law as found by the referee, and concurred in by the Circuit Judge. All of the exceptions, however, raise but two questions: Was the money M. V. Youmans paid Axsons Sons for the notes and mortgage she purchased of them her own money or was it the money of L. M. Youmans & Company or the money of W. F. Youmans, the deceased partner of the said firm? Second, and if it was the money of M. V. Youmans that she purchased the notes and mortgage with, has she the right to recover what was due on the notes and mortgages, what they called for—or can she only recover what she actually paid out for them?

It will be seen that the exceptions are mostly questions of fact, and the findings of the referee are concurred in by the Circuit Judge. It was said by Chief Justice Gary, in *Lumber Co.* v. *Stallings*, 91 S. C. 476, 74 S. E. 1072, that, "It was incumbent on the appellant, to satisfy this Court by the preponderance of the evidence, that his Honor, the presiding Judge, erred in his findings of fact, which he has failed to do. The testimony is voluminous, and it would not subserve any useful purpose to discuss it in detail." We say the same in this case.

"On appeal from decree the burden is on the appellant to show the trial Judge erred in findings of fact." *Leland* v. *Morrison,* 92 S. C. 501, 75 S. E. 892.

The referee and Circuit Judge found she used her own money in purchasing the notes and mortgages, and while it is true she purchased them for less than their face value,

she had the right to do this the same as any other person. She was dealing with business people who were presumed to know what they were doing, and no complaint comes from them, and there is no reason why she should not profit by her purchase, if there is any profit in it, and that she should not be compelled to relinquish her interests over what she paid for the mortgage and notes to the creditors of her father or any other person.

The exceptions raising this question are absolutely untenable in view of the findings of the referee, concurred in by the Circuit Judge. The appellants have failed to convince this Court that there was error in any of the particulars mentioned in any of the exceptions, and all exceptions are, therefore, overruled.

Judgment affirmed.