## 9021

### FORRESTER v. MOON.

(84 S. E. 532.)

APPEAL AND ERROR. EQUITY. REVIEWS. REFORMATION OF INSTRUMENTS.

1. REFORMATION OF INSTRUMENTS—GROUNDS—MISTAKE.—The Court will reform an instrument where there is a mutual mistake as to the facts on which it is based, or as to the stipulations therein, or where one of the parties acted under a mistake induced by the fraud, deceit, or imposition of the other.

2. REFORMATION OF INSTRUMENTS—GROUNDS—MISTAKE.—Where only one of the parties to an instrument was under a mistake as to the facts or stipulations in the instrument, equity will not reform it except under very strong and extraordinary circumstances showing imbecility or something which would make it a wrong to enforce the agreement.

3. REFORMATION OF INSTRUMENTS—GROUNDS—MISTAKE.—Where a grantee bargained for the land actually conveyed by the grantor and the grantee acted in good faith and was in no way responsible for an error of the grantor who possessed capacity, equity would not reform the deed at the suit of the grantor.

4. APPEAL AND ERROR—FINDINGS—REVIEW.—A party appealing from an adverse judgment rendered on findings of a special master, approved by the trial Court, must satisfy the Supreme Court by a preponderance of the evidence that the findings are erroneous, or the judgment will not be disturbed.

Before RICE, J., Greenville, March, 1914. Affirmed.

Action by Mattie Z. Forrester against J. P. Moon. From judgment for defendant, plaintiff appeals.

The special master, R. F. Watson, filed the following report:

The plaintiff being the owner of certain lands at Mauldin Station, abutting the railroad right of way, subdivided the same into small lots with a view of offering them for sale. The first plat which was prepared for the plaintiff indicated a street 40 feet wide adjoining the right of way and certain

FOOTNOTE.—As to evidence necessary to secure reformation of contracts, see note in 3 L. R. A. 190.

lots fronting on that street. Later the plaintiff had another plat prepared, on which the numbers of the lots were changed, and the street adjoining the right of way was left off so that on the new plat the lots fronted on the right of way. This latter plat was placed on record, and it seems the lots so platted on it were offered for sale. Negotiations were commenced with the defendant which resulted in his purchase of lot No. 21, as represented on the second plat. Having agreed upon the terms, the plaintiff had her attorney, Gen. J. W. Gray, to draw a deed. This deed was prepared by Gen. Gray in the presence of the plaintiff and of the defendant, and in preparing the deed the general had before him the second plat and described the lot according to that plat. The deed being thus prepared, the plaintiff executed the deed and delivered it to the defendant, who thereupon paid her the price. The defendant placed the deed upon record, and immediately went in possession of the land thus purchased, and he and his tenants ever since have been cultivating the land up to the right of way, without objection on the part of the plaintiff. A short time before the commencement of this action, the plaintiff set up the claim that the defendant's lot extended, not to the right of way, but to the street which was indicated on the first plat; and on the defendant's denying this she instituted this action to have it declared that there was a mistake in the original deed, and asking that this mistake be corrected so as to leave a street between the right of way and the defendant's lot.

The Court will reform an instrument on the ground of mistake under the following circumstances: "(1) Where there is a mutual mistake as to the facts upon which it is based, or as to the terms and stipulations embraced therein. (2) Where one of the parties only is under such mistake, either of the facts or the stipulations, and such mistake has been occasioned by the fraud, deceit or imposition in any form of the other." *Kennerty* v. *Etiwan Phosphate Company*, 21 S. C. 231.

But where one of the parties only is under such mistake, "equity will refuse its aid, except under very strong and extraordinary circumstances, showing imbecility, or something which would make it a very great wrong to enforce the agreement and this be made to appear by competent testimony of the clearest kind." *Kennerty* v. *Etiwan Phosphate Company, supra.*

. I think it is clear under the testimony that the defendant was bargaining for the lot which he actually got. There is nothing which would impeach his good faith. It was not then a case of mutual mistake. Nor was he in any way responsible for the error on the part of the plaintiff. Nor is there any evidence showing want of capacity on the part of the plaintiff. Under these circumstances, it seems to me equity must refuse to interfere. Certain circumstances would indicate that the plaintiff, after having first prepared a plat, leaving a street between the lots and the right of way, afterwards concluded to leave off the street and to front the lots on the right of way with the view of using the right of way as a means of access to them. At any rate, this second plat was prepared by her own surveyor at her instance, and negotiations between her and the defendant were based upon the lots as indicated on this second plat, and it was plainly indicated on this plat, which was used by the plaintiff's attorney, that the lots fronted on the right of way. This deed was drawn in the plaintiff's presence and was signed by her. If the plaintiff intended to reserve a street between the lot and the right of way, she was clearly guilty of negligence in this case, and under such circumstances the Court of equity will afford no relief. It is rather difficult anyhow to see how the plaintiff's contention could in any substantial way benefit her. Lot No. 21, which was conveyed to the defendant, adjoined a lot which the defendant already owned, and this lot which he already owned fronts on the main street of the town and extends at one

point to the right of way, so that the street which the plaintiff originally intended to open, in order to serve the purpose of access from the plaintiff's other lots to the main street of the town, must needs pass either over the right of way or across defendant's other lot. The defendant had not dedicated any part of his original lot for the purposes of a street and consequently the plaintiff would have no right to cross any part thereof.

The plaintiff urges that lot No. 21 measuring from the street to the alley has a greater depth than 160 feet, while the plat shows only 160 feet. After 160 feet, however, the words, "more or less," were added. The very fact that these words were added seems to indicate that in contemplation of the parties the lot might have a greater depth than 160 feet.

On the whole, I find that the plaintiff has failed to make out a case entitling her to have the deed corrected as prayed for. I, therefore, recommend that the complaint be dismissed.

*Messrs. McCollough, Martin & Blythe,* for appellant.

*Messrs. Haynesworth & Haynesworth,* for respondent.

March 5, 1915.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action to reform a deed executed by plaintiff to defendant and described particularly in the complaint, on the ground that the lot conveyed in the deed was incorrectly described, because of a mistake of the scrivener caused by a mistake in the plats from which the deed was drawn; and that the deed as made did not carry out the agreement made between the plaintiff and defendant. After issue joined the case was referred to R. F. Watson, Esq., as special master, to hear and determine all issues of

law and fact and report to the Court. Upon filing his report in favor of the defendant exceptions were duly filed by plaintiff, and the matter was heard by his Honor, Judge Rice, who, on March 30, 1914, filed his decree, overruling the exceptions and confirming the report of special master and dismissing the complaint. From this decree plaintiff appeals and by seven exceptions impute error on the part of the Court in not sustaining exceptions to master's report in his finding of facts, and allege error on the part of his Honor in confirming master's finding of facts. There was no controversy as to the law of the case between counsel in the argument before this Court. It was conceded that the plaintiff must show from the testimony either that the error in the deed was due to a mutual mistake as to the facts upon which it was based, or must show that the mistake was occasioned by the fraud, deceit, or imposition of the defendant.

The plaintiff-appellant has attempted to show by argument in this Court that the preponderance of the testimony shows that both the special master and Circuit Judge were in error as to their findings of fact, and that by the preponderance of the testimony it shows that the mistake made was either a mutual mistake or was induced by the conduct of the defendant amounting to a fraud or imposition upon the plaintiff. The master had the witnesses before him. He saw and heard them; he made his findings, and filed his report. Upon exceptions to this report his Honor, Judge Rice, heard the case and concurred with the master in his findings of fact, and confirmed the report. A careful examination of the whole case fails to convince us that the master and Circuit Judge were in error, or that the preponderance of the testimony establishes the contention of plaintiff-appellant. For the reasons stated by the special master, concurred in by the Circuit Judge, we are satisfied with the findings of the Circuit Court as was said by Chief Justice Gary in *Hickson Lumber Co.* v. *Stallings,* 91 S. C. 473, 74 S. E. 1072. "It was incumbent on the appellant

to satisfy this Court by the preponderance of the evidence that his Honor, the presiding Judge, erred in his findings of fact, which he has failed to do." All exceptions are overruled and judgment affirmed.