## 9446

### WHITESIDES *ET AL.* v. WHISONANT *ET AL.*

#### (89 S. E. 465.)

APPEAL AND ERROR—REVIEW—FINDINGS.—Where all exceptions present questions of fact, it is incumbent upon the appellants to show that the preponderance of testimony is against the findings made by a Circuit Judge.

Before WILSON, J., York, December, 1915.    Affirmed.

Action by Wm. M. Whitesides and another against T. M. Whisonant and another.    Judgment for defendants, and plaintiffs appeal.

*Messrs. J. S. Brice* and *G. W. S. Hart,* for appellants.

*Mr. Brice* cites: *As to fraudulent promise:* 93 Ala. 549. *False representation:* 50 Am. St. Rep. 824. *Time within which to rescind:* Ann. Cas. 1914b, 859; 36 Am. St. Rep.; Story's Eq. Juris., sec. 193; 26 S. C. 275. *Relation between partners:* Story Eq. Juris., sec. 169; Lindley, Partnership, 303; Pom. Eq. Juris. 891, 902; 119 Am. St. Rep. 524; 10 Colo. 481; 3 Am. St. Rep. 599; 129 Ill. 256; 15 Am. St. Rep. 112. *Misrepresentations:* 5 Words and Phrases 4537; 32 Pac. 1110; 51 Kan. 355; 58 S. W. 679, 684; 3 Ind. T. 307; 7 Words and Phrases 6108; 70 Am. Dec. 679; 97 Fed. 856; 38 C. C. A. 444; 50 S. C. 401, 402.

*Mr. C. E. Spencer,* for respondent, Castles.

*Mr. W. W. Lewis,* for respondent, Whisonant.

July 7, 1916.

· The opinion of the Court was delivered by MR. JUSTICE WATTS.

This action was commenced for the rescission of a contract of partnership which is alleged that plaintiffs were induced by fraud and deceit to enter into with defendants, and to require the defendants to refund to the plaintiffs the money that they had fraudulently been induced to put in the partnership, and for an accounting, etc.  After issue joined on the pleadings it was referred to J. E. McDonald, Esq., to hear and determine all issues of law and fact and report the same.  He filed his report in April, 1915, and, exceptions being filed thereto, the case was heard by Judge Wilson, who filed his decree in December, 1915.  Judge Wilson by his decree sustained and affirmed the findings of the referee that the plaintiffs were not entitled to a rescission of the partnership contract of Whisonant, Castles & Co., and that the plaintiffs are not entitled to have repaid to them the respective amounts paid by them to T. M. Whisonant for his interest in the firm of Whisonant, Castles & Co., but he sustained the defendants' exceptions wherein referee held that the defendants must account to the plaintiffs for the sum of $1,342.24, the excess claimed in the value of the goods for which defendants took credit, with interest thereon, and refused to send the case back to the referee for an additional accounting between the parties.  From this decree the plaintiffs appeal, and by ten exceptions question the correctness of his Honor's decree.

All of the exceptions present questions of facts.  The referee and Circuit Judge have reached the same conclusion and finding upon most of the questions raised by the pleadings in the case, and it. is incumbent upon the appellants to show by the preponderance of the testimony that these conclusions are erroneous.  There is ample testimony to sustain the concurrent findings of the referee and the Circuit Judge, and the exceptions questioning the concurrent findings of the referee and Circuit Judge are overruled.  As to the finding of the referee and the Circuit Judge as to whether the defendants should be required to account to

the plaintiffs for the sum of $1,342.24 and interest thereon, the referee holding that they should and the Circuit Judge holding to the contrary. The well-settled rule is that upon questions of fact it is incumbent upon the appellants to show that the preponderance of the testimony is against the finding made by the Circuit Judge. A careful study and examination of the evidence shows that there is abundant evidence to sustain the finding of the Circuit Judge as to the $1,342.24. This Court is satisfied with the finding of the Circuit Judge. Chief Justice Gary, in *Hickson Lumber Co.* v. *Stallings,* 91 S. C. 473, 74 S. E. 1072, lays down the rule (which has been followed in several cases since) :

"It was incumbent on the appellant to satisfy this Court by the preponderance of the evidence that his Honor, the presiding Judge, erred in his findings of fact, which he has failed to do."

All exceptions are overruled. Judgment affirmed.

MR. JUSTICE GAGE did not participate in the consideration of this case.