10245

CHAS. M. BETTS & CO. v. RICHARDSON.

(99 S. E. 815.)

1. FRAUDULENT CONVEYANCES — REMEDIES OF CREDITORS — VOLUNTARY DEED.—A voluntary deed may be set aside by an existing creditor upon the ground of constructive or legal fraud even where there is no actual or moral fraud.

2. FRAUDULENT CONVEYANCES—VOLUNTARY NATURE OF DEED—SUFFICIENCY OF EVIDENCE.—In action to set aside a fraudulent conveyance from husband to wife, evidence held to sustain finding that deed was voluntary, where record did not show a valuable consideration nor that wife agreed to pay incumbrances upon the property, although she did in fact do so.

3. HOMESTEAD—IMPROVEMENTS—JUDGMENT.—In action to subject land occupied as a homestead, and conveyed by husband to his wife, to a judgment secured against the husband, the fact that the judgment did not recite that it was for purchase price of improvements on property was immaterial, where the decree in present case contained such a finding.

4. FRAUDULENT CONVEYANCES—RIGHTS OF GRANTEES AS TO CREDITORS—FUNERAL EXPENSES.—In action to collect a judgment from land conveyed by judgment debtor to his wife before his death, the wife cannot offset burial expenses paid by her, where deceased's personalty was ample to pay such expenses.

Before SHIPP, J., Florence, Summer term, 1917. Affirmed.

Action by Charles M. Betts & Co. against Sallie B. Richardson. Judgment for plaintiff, and defendant appeals.

Exception 3 alleged error in the Court's finding that the debt due the plaintiff is for improvements on the homestead, and that under section 28 of article III of the Constitution of South Carolina 1895, and section 3718, vol. I, Code of Laws of South Carolina 1912, the defendant is not entitled to homestead in said property as against plaintiff's debt, in that such conclusion is contrary to the law and the overwhelming weight of the evidence in this cause, for the reason that, by the complaint and the testimony of the plaintiff's witnesses and all other evidence in this cause, it appears conclusively that the plaintiff's judgment against the said B. B. Richardson was obtained in an action founded upon the demand for the payment of money only in the nature of a promissory note, but it does not appear, by allegation or testimony or any other evidence in this cause, that said judgment was obtained, as provided in section 3718, to secure or enforce the payment either of taxes or of obligations contracted for the purpose of said homestead or the erection or making of improvements or repairs thereon, or for the purchase of said personal property, and that the Court or authority issuing said process had certified thereon that the same was for some one or more of said purposes

and no other; and it is respectfully submitted, as a legal conclusion, that the certificate not having been indorsed on said process for purchase money, and the plaintiff having failed to sue and perfect a mechanic's lien against said property, the homestead exemption should be allowed the defendant out of said real property in exclusion of and prior to plaintiff's judgment.

*Mr. J. D. Gilland,* for appellant, cites: *As to error of the Circuit Judge in his finding of fact that B. B. Richardson was insolvent at the time of the conveyance herein assailed:* 12 R. C. L. 578; 1 Nott. & McCord 334; 1 Bailey Law 575; 102 S. C. 19; 34 S. C. 1. *As to error in the presiding Judge's findings that debt due plaintiff is for improvements on the homestead and that defendant is not entitled to homestead exemption against such debt:* Civil Code 1912, sec. 3718; 30 S. C. 459; 15 S. C. 36. *As to error of Circuit Judge in ordering that plaintiff's demand be paid first in priority to the claim of defendant for disbursements made by her from her personal funds for funeral and other expenses of last illness:* Civil Code 1912, sec. 3632.

*Messrs. C. J. Gasque* and *Cordie Page,* for respondents. *Mr. Page* cites: *As to sufficient proof of insolvency:* 20 S. C. 390; 7 S. E. 743; 18 S. C. 526. *This action was brought under section 3455, Code of Laws 1912, vol. I, and it is only necessary to show that the creditor is unable to obtain satisfaction of the debt at the time of the commencement of the action:* 94 S. C. 80; 77 S. E. 742; 33 S. C. 530; 12 S. E. 419; 34 S. C. 1; 12 S. E. 560; 24 S. C. 506. *As to the deed in question being voluntary:* 35 S. C. 436; 14 S. E. 935; 98 S. C. 402; 82 S. E. 638; Bailey Eq. 142 (8 S. C. Eq. 142) ; 12 R. C. L. 476, and cases cited; *Id.* 513 and 592, sec. 107, and cases cited; 12 R. C. L. 333; 39 S. C. 146; 17 S. E. 696; 47 S. C. 297; 25 S. E. 162; 18 S. C. 528; 34 S. C. 1 ; 12 S. E. 560; 20 Cyc. 469; 102 S. C. 19; 96 S. C. 204; 20 Cyc. 457 and 511; 64 S. C. 82; 41 S. E. 829; 87 S. C.

494; 70 S. E. 165; 2 Rich. Eq. 54; 82 S. C. 97; 63 S. E. 62; 64 S. C. 354; 42 S. E. 169; 55 S. C. 9; 33 S. E. 15; 105 S. C. 86; 89 S. E. 533; 35 S. C. 431; 14 S. E. 935; 24 S. C. 490; 27 S. C. 272; 3 S. E. 340; 22 S. C. 512; 38 S. C. 496; 17 S. E. 255; 54 S. C. 514; 32 S. E. 523; 22 S. C. 200; 36 S. C. 49; 14 S. E. 929. *As to defendant not being entitled to homestead exemption against plaintiff's debt:* 18 S. C. 235; 33 S. C. 229; 11 S. E. 703; 30 S. C. 459; 9 S. E. 518; 25 S. C. 273; 55 S. C. 441; 33 S. E. 500; 84 S. C. 109; 65 S. E. 1019.

July 15, 1919.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action to set aside a deed for fraud. B. B. Richardson, the husband of the defendant-appellant, was the owner of a lot of land in the city of Florence, and procured lumber to build a house thereon from the plaintiff on the 8th of November, 1913. Mr. Richardson executed a note for the lumber. On the 20th of December, 1913, he executed a deed of the improved lot to his wife, the defendant-appellant, stating a nominal consideration of $10. The record does not show that even the $10 was paid. The note was not paid at maturity. On the 20th of April, 1914, judgment was obtained on the note by default. Execution was issued and a return of *nulla bona* secured, and this action was brought to set aside the deed for fraud.

The issues were referred to a special master, who found that, while there was no moral fraud, yet that the deed was voluntary, and as its effect was to hinder, delay, and defeat creditors, it was void, and recommended its cancellation. To this report exceptions were taken. The case was heard before Judge Shipp, who confirmed the master's report. From the decree of Judge Shipp this appeal is taken, upon four exceptions.

1. The first exception complains of error in finding that the grantor, B. B. Richardson, was insolvent at the time of the conveyance. This exception cannot be sustained.

The case of *Jackson v. Lewis,* 34 S. C. 6, 7, 12 S. E. 560, 562, is conclusive:

"A voluntary deed may be set aside at the instance of an existing creditor upon the ground of constructive or legal fraud, even where there is not the slightest taint of actual or moral fraud in the transaction, under the principle that the law requires that one must be just before he is generous. The law will not permit one who is indebted at the time to give his property away, provided such gift proves prejudicial to the interest of existing creditors. The motive which prompts the donor to make the gift is wholly immaterial. If the donor is indebted at the time, and the event proves that it is necessary to resort to the property attempted to be conveyed away by a voluntary deed for the purpose of paying such indebtedness, the voluntary conveyance will be set aside and the property subjected to the payment of such indebtedness, upon the ground that it would otherwise operate as a legal fraud upon the rights of creditors, even though it might be perfectly clear that the transaction was free from any trace of moral fraud."

2. The second exception complains of error in holding that the deed was voluntary. There is no evidence in the record to show that there was a valuable consideration. It is true the appellant paid off some incumbrances, but the record fails to show that there was an agreement that the appellant should assume them. The grantor simply conveyed the lot subject to incumbrances. That the appellant did pay off some incumbrances to free her property was purely voluntary on her part, and, so far as the record shows, without any agreement with the grantor. This exception cannot be sustained.

3. The third exception complains of error in not holding that the judgment on the note did not contain the certificate to the effect that the judgment was obtained for the purchase money of the property, or for improvements thereon. The decree in this case does not make the finding, and the respondent is now seeking to enforce this judgment, and it is the Court that gave the judgment by default. This exception cannot be sustained.

4. The fourth exception complains of error in not finding that the expenses of the last sickness and burial expenses paid by the appellant has priority over the judgment of the respondent. The record shows ample funds derived from the sale of personal property to pay the funeral expenses. This charge is payable primarily from the proceeds of sale of personal property, and the question does not arise in this case.

Judgment affirmed.