## PROSSER v. CHAPMAN.

### In re PROSSER'S ESTATE.

(Circuit Court of Appeals, Fourth Circuit. October 21, 1924.)

No. 2235.

1. **Fraudulent conveyances** ⊙95(10)—**Conveyance by insolvent husband to wife held fraudulent as to creditors.**

A verbal promise by a husband to convey property to his wife in consideration of her release of her dower right in other property sold by him *held* not a good consideration for such conveyance made some years later and after the husband had contracted debts which were unpaid and had become insolvent.

2. **Appeal and error** ⊙694(1)—**Findings of fact by master concurred in by trial court held not reviewable where evidence is not in the record.**

Where a District Court on review of the evidence taken before a special master has concurred in a finding of fact by the master, such finding is not reviewable by the appellate court, where the evidence is not brought up in the record.

3. **Bankruptcy** ⊙303(1)—**Conveyance of property by bankrupt to wife while insolvent held presumptively fraudulent.**

A transaction between bankrupt when notoriously insolvent, and his wife, under which the wife claims ownership and possession of property as against the trustee of the husband's estate in bankruptcy, is presumptively fraudulent, and at least calls upon the wife to maintain her legal right to the property by the plainest proof.

Appeal from the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

Suit in equity by E. L. Chapman, trustee in bankruptcy of E. F. Prosser, against Lillie C. Prosser. Decree for complainant, and defendant appeals. Affirmed.

Ashton H. Williams, of Florence, S. C., for appellant.

A. L. Hardee, of Florence, S. C. (F. L. Willcox and Willcox & Hardee, all of Florence, S. C., on the brief), for appellee.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WADDILL, Circuit Judge. On the 2d of December, 1922, E. F. Prosser, husband of the appellant Lillie C. Prosser, was upon his petition adjudged a bankrupt by the United States District Court for the Eastern District of South Carolina. Subsequently, E. L. Chapman, having been duly elected as trustee of the bankrupt's estate, and qualified as such, filed the bill in this cause against the appellant, seeking to set aside a certain conveyance fully described in the bill, by which the bankrupt conveyed to his wife, the appellant, on the 1st of March, 1922, the real estate therein mentioned the subject of this litigation, because the deed was made when the grantor was heavily indebted to various persons, and the same was without present or fair and valuable consideration, and made and intended solely to delay, hinder, and defraud the creditors of the grantor. The defendant answered, denied the allegations of the bill, and averred that she made the purchase from her husband, paying therefor adequate and full consideration.

The cause was referred to a special master to take testimony and report his conclusions as to the facts, which he did, in substance as follows: That during the year 1921 the bankrupt incurred considerable indebtedness, for which proof of claims have been filed in the bankruptcy proceedings. That in the fall of that year, his creditors were pressing him to pay his debts, and on the 21st of December, 1921, he was sued by a bank in Charleston for a large amount, for which judgment was entered on April 6, 1922. That upon the institution of this suit, the bankrupt apparently realizing his inability to meet his obligations, began to prepare for bankruptcy by disposing of all his real estate of value, by either direct conveyances or mortgages, entering into five such transactions, including that to his wife assailed here. As to the deed to his wife, the master reported especially: That prior to 1919 E. F. Prosser, then entirely solvent, owned 332 acres of land in Williamsburg county, upon which there was a lien for $5,000. That he had negotiated the sale of this property to one L. A. Taylor for $13,-000. That Mrs. Prosser, his wife, objected to relinquishing her dower, and to get her to do so, her husband promised that he would convey to her the property the subject of this litigation. That whether or not he intended doing this does not conclusively appear from the evidence, though the inference is that he did; that he neglected to fulfill this promise until some three years had elapsed, pending which time he had become insolvent. During this period, considerable credit was extended to him by persons whose claims have been allowed in the bankruptcy proceeding. That on March 1, 1922, being then insolvent, and in default, in an action by one of his creditors for an indebtedness in excess of $2,000, with the intent and design of forestalling the establishment of a lien on the property in suit by having judgment entered against him, and with intent to hinder, delay, and defraud his creditors, he made the conveyance to his wife herein assailed, for $100 and other valuable considerations. The master found the actual consideration of this deed to have been the fulfillment of the grantor's promise made some three years before to his wife to convey the property to her, and the sum of $10. He found the value of the property conveyed to be $2,500.

On the return of the special master's report, and upon full hearing thereon, the court approved the master's findings of fact and his conclusions; and by the decree of the 17th of October, 1923, appealed from herein, adjudged the deed of the 1st of March 1922, null and void as having been made without sufficient consideration, and with intent to hinder, delay, and defraud the creditors of the bankrupt, and set the same aside.

The assignments of error relate solely, first, to whether the court erred in holding that the deed was without sufficient consideration; and, second, that the same was made with intent to hinder, delay, and defraud the creditors of the bankrupt.

[1] These two questions, under the facts of this case, are in a sense involved each in

the other.' Considering the appellant's claim, from the most favorable viewpoint, it would not seem to sustain the validity of the deed here. Assuming the verbal promise to the wife to convey the property to her in consideration of her waiver of her contingent right of dower may form the basis of a full consideration for such conveyance, still the promise must have been made with certainty, which is not clear here; and it cannot form the basis for an amount in excess of the fair value of the dower right alleged to have been waived, and not at all if there be a delay in the execution of the verbal promise to make the conveyance as a consideration for the relinquishment of dower, until the husband, who in the meantime has incurred large indebtedness, becomes insolvent. To allow this to be done, and to carry out the private verbal understanding between husband and wife, to convey property in such circumstances would operate as a fraud upon creditors, and obviously so upon those whose debts were contracted pending the period of delay in carrying out the alleged promise; the property in the meantime being held out as a source of credit. Suber v. Chandler, 18 S. C. 526, 528, 529; Bates v. Cobb, 29 S. C. 395, 7 S. E. 743, 13 Am. St. Rep. 742; Jackson v. Lewis, 34 S. C. 1, 6, 7, 12 S. E. 560; Miller v. Wroton, 82 S. C. 97, 63 S. E. 62, 449; Tucker v. Weathersbee, 98 S. C. 403, 406, 82 S. E. 638; Betts & Co. v. Richardson, 112 S. C. 279, 283, 99 S. E. 815; 27 C. J. 559.

[2] Coming to the assignment of errors as to the invalidity of the deed because executed with intent to hinder, delay, and defraud creditors of the bankrupt, the decree complained of is free from error, and is fully sustained by the record. Certainly this court would not be warranted in setting aside the action and judgment of two tribunals, the special master and the district judge, who concurred in the findings of fact by the master, and adopted the same as its own, except upon the plainest showing. The master in terms reports that the grantor in the deed, while insolvent, executed the same with the intent and design of forestalling the establishment by creditors of liens upon his property, and that the same was with intent to hinder, delay, and defraud his creditors. The District Judge, as shown upon the face of the decree appealed from, considered the case upon the pleadings, the testimony taken before the special master, the report of the special master, and approved the master's report and the findings of fact as set forth therein, and adopted the same as the conclusion of the court. Every reasonable doubt, in such circumstances, will be resolved in favor of the correctness of the trial court's decision; and this is particularly true where the appellant has seen fit not to bring the testimony taken by the master and considered by the court up as a part of the record here. How can we adjudge the District Judge erred in giving weight to testimony that he has read and considered, and we have not seen, and is not before us? Zimmerman v. Harding, 227 U. S. 489, 33 S. Ct. 387, 57 L. Ed. 608; Elliott v. Canadian Ry. Co. (C. C. A. 2d Cir.) 161 F. 250, 88 C. C. A. 286; Meyer v. Everett Pulp & Paper Co. (C. C. A. 9th Cir.) 193 F. 857, 113 C. C. A. 643; Hickson Lbr. Co. v. Stallings, 91 S. C. 473, 74 S. E. 1072; Leland v. Morrison, 92 S. C. 501, 514, 75 S. E. 889, Ann. Cas. 1914B, 349; Whiteside v. Whisonant, 105 S. C. 60, 89 S. E. 465; Pelzer v. Raysdale et al., 105 S. C. 201, 89 S. E. 705; Turner et al. v. Moore et al., 117 S. C. 536, 109 S. E. 133.

[3] Another view of this case, that makes it easier of solution, is that it involves the validity of a contract between husband and wife, entered into at a time the husband was notoriously insolvent, and under which the wife claims ownership and possession of property as against the trustee of the husband's estate in bankruptcy. Transactions of this character, in these circumstances, are presumptively fraudulent, and at least call upon the beneficiaries claiming to own the bankrupt's property, to maintain their legal right to do so by the plainest proof which in this case has not been afforded. Braffman v. Glover, 35 S. C. 431, 437, 14 S. E. 935; Du Rant v. Du Rant, 36 S. C. 49, 58, 14 S. E. 929; Porter v. Stricker, 44 S. C. 183, 21 S. E. 635; Chemical Co. v. Hunter, 94 S. C. 65, 70, 77 S. E. 751; Tucker v. Weathersbee, supra, 98 S. C. 402, 406, 82 S. E. 638; Hursey v. Lane (C. C. A. 4th Cir.) 238 F. 913, 152 C. C. A. 47.

The decree of the District Court will be affirmed.

Affirmed.