**BAILEY et al. v. BLACKMON (two cases).**

(Circuit Court of Appeals, Fourth Circuit. December 20, 1924.)

Nos. 2269, 2270.

1. **Appeal and error** ⊜━1022(2)—**Findings of fact by master, approved by court, will be accepted, unless clearly not supported by evidence.**

Where the District Court and a master agree on findings of fact, their conclusions will be accepted by the appellate court, unless plainly not supported by the evidence.

2. **Fraudulent conveyances** ⊜━278(1)—**Transfer of property by insolvent to his daughter presumptively fraudulent.**

Transfers by an insolvent to his daughter are presumptively fraudulent, and call for full explanation on part of beneficiary.

Appeals from the District Court of the United States for the Eastern District of South Carolina, at Charleston, in bankruptcy; Henry A. Middleton Smith, Judge.

Proceedings by O. C. Blackmon, Jr., trustee in bankruptcy of C. T. Bailey, against C. T. Bailey and Dorothy Bailey and against C. T. Bailey in his own right and as guardian of Dorothy Bailey, and others. Decrees for complainant, and defendants appeal. Affirmed.

Alfred Wallace, Jr., of Columbia, S. C. (De Pass & De Pass, of Columbia, S. C., on the brief), for appellants.

D. W. Robinson, of Columbia, S. C. (Weston & Aycock, of Columbia, S. C., on the brief), for appellee.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WADDILL, Circuit Judge. On the 8th of November, 1921, C. T. Bailey was duly adjudged a bankrupt by the United States District Court for the Eastern District of South Carolina, at Columbia, and these two proceedings involve the validity of certain transfers of property made by the bankrupt to his daughter Dorothy Bailey, alleged to have been in fraud of his creditors. The District Court, in appropriate proceedings, set aside the transactions.

The first-named cause related to the transfer of real estate in the state of Georgia by the said C. T. Bailey to his daughter, Dorothy, and the second the transfer by him to his said daughter of a bond and mortgage on property in Columbia, S. C. Both the conveyances of the real estate and the transfer of the bond and mortgage are alleged to have been made voluntarily while Bailey was insolvent, and with the intent to defraud his creditors. The issues are, first, whether or not the two deeds of conveyance of the Georgia land and the assignment of the bond and mortgage were voluntary; second, whether made by C. T. Bailey while insolvent; and, third, whether made with the intent and purpose to defraud C. T. Bailey's creditors.

After full hearing, the District Court overruled demurrers filed by the defendants, the appellants herein in each case, and referred the causes to a referee to take testimony upon all the issues in the causes, and make report thereon together with his findings and conclusions of facts to the court. The referee, upon full consideration of the testimony submitted by the respective parties, found that the two deeds for the Georgia land and the assignment of the mortgage and bond were all voluntary, made at a time that C. T. Bailey was insolvent and unable to pay his debts, and for the purpose and with the intent to defraud his creditors, especially the Palmetto National Bank, and that the effect of the execution of the conveyances of the lands in Georgia and of the assignment of the bond and mortgage was to hinder, delay, and defraud his creditors, particularly the bank referred to.

The learned judge of the District Court affirmed the findings of the referee, and made additional findings as to the deeds conveying the Georgia real estate, as follows:

"It is further found as conclusions of fact:

"1. That the two deeds of conveyance from the defendant C. T. Bailey to Dorothy Bailey, purporting to be dated March 20, 1920, mentioned in the bill of complaint, and which were probated for record January 18, 1921, and recorded January 25, 1921, were actually executed and delivered in January, 1921.

"2. That no valuable consideration was paid for the execution and delivery of either of said deeds, but that the same were at-

tempted voluntary donations from C. T. Bailey to his daughter, Dorothy Bailey.

"3. That in January, 1921, the grantor, C. T. Bailey, was insolvent, and that at the date of the filing of the bill of complaint herein there were still existing unpaid creditors, who were existing creditors at the date of the execution and delivery of the said deeds.

"4. That the said two deeds of conveyance were executed and delivered with the intent and for the purpose of hindering, delaying, and defrauding the creditors of the defendant C. T. Bailey.

"It is further found as conclusions of law:

"1. That the said two deeds of conveyance, having been made by the grantor when insolvent, as by way of voluntary donation, are invalid, null, and void as against existing creditors.

"2. That the said two deeds of conveyance having been made and executed with the intent and for the purpose of hindering, delaying, and defrauding creditors, are invalid, null, and void as against such creditors."

Other findings of the District Judge regarding the mortgage and bond transfer, which need not be set out, were made, the assignment set aside, and the mortgage and bond declared to belong to the estate of the bankrupt, C. T. Bailey, and as to the precise amount due on the mortgage bond a further reference was made to the referee to ascertain and report on the same. From this action of the District Court the appeals under consideration, heard together, were taken, and it is as to the correctness of these rulings that this court is to pass.

It will be observed at a glance that the questions involved are almost entirely those of fact, though incidentally the jurisdiction of the court was raised. This objection was without merit and properly overruled by the trial court (United States F. & G. Co. v. Bray, 225 U. S. 217, 218, 32 S. Ct. 620, 56 L. Ed. 1055; Robertson v. Howard, 229 U. S. 261, 33 S. Ct. 854, 57 L. Ed. 1174; Scheper v. Scheper, 125 S. C. 89, 102, 103, 118 S. E. 178, 183, and the same was abandoned in oral argument before this court.

[1] In passing upon cases involving questions of fact, this court will be largely bound by the findings made by the trial court, especially when the witnesses were there seen and heard; and where the District Court and the master agree, in such instances their conclusions should be accepted and followed, unless plainly not supported by the testimony. The recent decision of this court of Prosser v. Chapman, Trustee, 2 F.(2d) 134, from the Eastern District of South Carolina, at Charleston, decided on the 21st of October, 1924, correctly states the rule in this respect.

[2] In these cases, so far from differing from the court below in its rulings on the questions of fact, it seems to us that but one conclusion could have been reached, and that the findings of fact of the District Court and of the referee were clearly right. The decision of this court in the Prosser Case above cited is peculiarly applicable, in that it involved, as here, transactions between an insolvent debtor and members of his family, which are presumptively fraudulent, and call for full explanation on the part of the beneficiaries. In that case, the transaction was between husband and wife; in this, it is father and daughter. What was said there would seem conclusive of the cases here, and to it and the authorities cited, special reference is made. In addition, the following citations to the statutes of South Carolina and Georgia, and cases bearing thereon applicable especially to the present cases, are made. 2 Park's Ann. Code of Georgia 1914, Civil, art. 2, § 3224 (2695); 3 Code of South Carolina 1922, § 5218; Jackson v. Lewis, 34 S. C. 6, 7, 12 S. E. 560; Barrett & Co. v. Still, 102 S. C. 21, 86 S. E. 204; Betts & Co. v. Richardson, 112 S. C. 283, 99 S. E. 815; First Nat. Bank of Cartersville v. Bayless et al., 96 Ga. 684, 23 S. E. 851; Monroe Mercantile Co. v. Arnold, 103 Ga. 449, 34 S. E. 176; Gray v. Collins, 139 Ga. 776, 78 S. E. 128, 129; Gregory v. Gray, 88 Ga. 172, 14 S. E. 187.

The decrees of the District Court will be affirmed, with costs.

Affirmed.