The opinion of the Court was delivered by
Inglis, J.
There are three several views that may be taken of this case, as presented in the brief. It may be considered, 1st, that the conveyance was voluntary, and the plaintiff a creditor of the donor at the date of its execution, and this view seems most consonant to the evidence reported; or, 2d, that the conveyance was voluntary, and the plaintiff became a creditor of the donor after its execution, and this has respect to a separation of the plaintiff’s demand into so much as was due before the execution of the deed, and so *100 much as became due afterwards, as if these were the claims of two different creditors, the former of whom has perhaps obtained satisfaction of his demand without resort to the property conveyed, and the latter is now seeking satisfaction out of that property; or, Sd, that the conveyance was upon valuable consideration.
If either of the two latter propositions presents the correct view of the case, the conveyance could only be impeached on the ground of an actual fraudulent intent; and in its application to either of these views, the charge of his Honor, the Judge presiding below, does not seem objectionable for any thing therein said. If the deed was voluntary, a fraudulent intent is»to be legally inferred, where even a subsequent creditor is claiming to disregard the donee’s assertion of title and subject the property to the satisfaction of his debt, from the fact of indebtedness at the time to others, the embarrassed condition of the donor, and the insufficiency of his property not embraced in the deed to satisfy the existing debts. So also fraud may be inferred from other circumstances, appearing on the face of the transaction or aliunde; and all these inferences may be repelled. Or positive proof may affirm or deny fraud. It is a question of fact for the jury under proper instructions as to the legal inferences. To these views, then, the several propositions of the charge seem pertinent and proper.
But in reference to that view of the case which regards the deed as voluntary, and the plaintiff an existing creditor at its date, the charge was not in conformity with well-established law. The general rule is, that, as against creditors existing at the time of the conveyance, a voluntary conveyance is fraudulent in law and void. The only qualification of this rule which is clearly ascertained is, that “ slight indebtedness, such as for the current expenses of a family, or debts inconsiderable in comparison to the value of the donor’s estate,” will not generally avoid the conveyance. But this qualification is *101 restricted, in its application, to the case where a resort to the property covered by the deed has been rendered necessary only by the voluntary delay or other laches of the creditor, who has thereby permitted the reserved property to be wasted or destroyed. Apart from such fault of the creditors, the test of the donor’s legal capacity to give, as against existing creditors, depends upon his final solvency.
If the plaintiff Richardson was a creditor of William Rhodus at the date of the conveyance to his daughter Erne-line, and it was voluntary; and if it is necessary for him to resort to the property conveyed to her in order to have satisfaction of his then existing debt, he may, treat the conveyance as void in law, and subject the property embraced in- it to the execution of judgment rendered for the recovery of his debt, unless it was shown that the debt was “slight” and inconsiderable in reference to the value of the donor’s whole estate uncovered by the deed, and the necessity of such resort has arisen from his own laches. Whether William Rhodus had' at the time of this conveyance “ sufficient” property to pay ]iis debts, is not an inquiry pertinent to the issue made by the claim of the plaintiff in this view of it, and the case must, therefore, be again submitted to a jury, with instructions on this point conformable to the present judgment.
If, upon such renewed investigation of the facts, the defendant, Emeline Rhodus, shall be able to show that the conveyance to herself .was upon a consideration valuable in law, and the onus of doing this is upon her, or that the debt existing at its date has been otherwise satisfied, without the necessity of resort to the propertjr conveyed to her, so that as to the debt of which the plaintiff seeks satisfaction out of this property he is a subsequent creditor, the inquiry as to an actual fraudulent intent in the execution of the conveyance will, in reference to these aspects of the case, be open. As to the law applicable in that inquiry, and the legal inference of fraud from circumstances appearing on the face of the con *102 veyance or shown aliunde, the appeal does not call for any present judgment of this Court.
The motion for a new trial is granted.
Dunkin, C. J., and Wardlaw, A. J., concurred.

Motion granted.