The fact of injury was a material fact here. Upon this question, we concur with the presiding judge. After a careful examination of the evidence reported, we find nothing therein pertinent to that issue. True, the parties may have been somewhat chilled and fatigued, and greatly out of temper, on account of the evening train passing them, and by being compelled to wait for the night train; but there is no evidence of any pecuniary damage or of any personal injury resulting in any loss whatever to any of the parties. There was nothing really to go to the jury. The Circuit Judge states his reasons for granting the non-suits. We think they are entirely satisfactory, and fully sustain his orders."

Judgment affirmed. OPINION by MR. CHIEF JUSTICE SIMPSON, March 8, 1890. *S. Wilson*, for appellants. *Duncan & Sanders*, contra.

No. 2567. HARRIS *v.* SIMON. November Term, 1889. In action by a widow and administratrix to recover damages for the killing of her intestate in a lime quarry by a rock thrown upon him by a blast from the neighboring quarry of defendant, the Circuit Judge (Hudson) granted a non-suit. On appeal, the nonsuit was set aside, the court saying: "We have carefully read the evidence reported, and find that there was some pertinent testimony, especially upon the questions of notice and warning that a blast was about to take place. True, some of the testimony was negative, the witnesses stating that they heard no hallooing or other warning, as was usual in such cases; the other witnesses stating that they did hear such hallooing, but that it was in a low voice, and down in the mine, and not on the hill, from whence it might have been heard. Under these circumstances, it seems to us that this testimony should have been weighed by the jury. It may have been wholly insufficient to sustain the allegation of negligence in this regard, but that, it seems to us, was a matter entirely for the jury."

Judgment reversed. OPINION by MR. CHIEF JUSTICE SIMPSON, March 11, 1890. *S. Wilson* and *W. W. Thomson*, for appellant. *Duncan & Sanders*, contra.

No. 2569. JACKSON *v.* LEWIS. November Term, 1889. This case was once before on appeal to this court. See 29 S. C., 193.

38—32

The Circuit decree (Pressley, J.) being again for defendant, plaintiffs appealed, and a new trial was granted, this court saying: "Upon the whole, we are of opinion that no material difference has been made in the trial below and the former one, as to the points adjudged in the first appeal, and that the judgment below should be reversed on the grounds above."

Opinion by Mr. Chief Justice Simpson, March 11, 1890. *Bachman & Youmans*, for appellants. *F. W. McMaster*, contra.

No. 2576. Wheeler *v*. Marchbanks. November Term, 1889. This was an action by John Wheeler against the heirs of Mrs. Axana Marchbanks. Mrs. Gilreath, wanting 5 acres of a 77-acre tract, purchased the entire tract at a master's sale for $1,045, the terms of sale being one-third cash, balance in one and two years, with interest. Mrs. Gilreath was willing to let Axana Marchbanks have 72 acres of this tract at what she had given for the 77 acres, but while Mrs. Marchbanks had $400 in cash, she did not see how she could raise the remainder in one and two years. After some negotiations between Mrs. M. and plaintiff, it was agreed that Mrs. Gilreath should take a deed for her purchase, and then reconvey to plaintiff 72 acres, plaintiff paying the master in full in cash, $400 of which was paid by Mrs. Marchbanks. Mrs. M. agreed to purchase from plaintiff for $1,306, and having paid the $400, gave him her note for $906, in instalments covering a period of 6 years. Plaintiff then gave to Mrs. Marchbanks a covenant that he would execute titles to her for this tract of 72 acres whenever this note was paid.

The Circuit Judge (Hudson) found the facts substantially as above stated, and, on the facts so found, decreed that the land should be sold, and the proceeds applied to costs and the balance due plaintiff, the surplus, if any, to be held subject to further order of the court. He further held as follows: "The statute against usury does not apply to this case. The transaction between plaintiff and Axana Marchbanks amounted simply to a contract for the sale and purchase of land, and the excess which Axana Marchbanks agreed to pay to the plaintiff above the amount for which the land was bid off at the master's sale, was profit on the sale of the land in consideration of indulgences granted to the purchaser, and was not in violation of the statute against usury.