14386

GODFREY v. GODFREY

(188 S. E., 653)

118

*Messrs. Fred B. Helms, Mercer J. Blankenship* and *Wittkowsky & Wittkowsky,* for appellant,

*Messrs. Murdoch M. Johnson* and *J. Team Gettys,* for respondent,

November 30, 1936.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This is an action brought by Mildred Godfrey, plaintiff-appellant, against Margaret Godfrey, defendant-respondent, to cancel or mutilate the purported deed from Mildred Godfrey, as grantor, to Margaret Godfrey, as grantee, which appears in the public registry of Kershaw County, S. C., and which purports to convey a vacant lot in the business section of Camden, S. C., on the grounds that appellant never intended to execute the purported deed to the respondent, and never intended to convey the property in question to the respondent, and never recorded, or caused the purported deed to be recorded, in the public registry of Kershaw County, S. C., and that there has been no legal delivery of the purported deed, and no valid conveyance of the property described therein.

The appellant alleged, and the respondent admitted, there was never any conversation, correspondence, or agreement whatever between the appellant and the respondent with reference to the conveyance of the land in question.

The appellant alleged, and the respondent admitted, that nothing whatever was paid to the appellant by the respondent as consideration for the conveyance.

The respondent alleged that the property in question was actually owned by Charles W. Godfrey (since deceased), who was the foster father of the appellant, and who was also the brother of the respondent. The respondent further alleged that the appellant, Mildred Godfrey, merely held title in trust for the purpose of conveying the land in question to the respondent as a gift from the said Charles W. Godfrey.

The appellant demurred to the answer of the respondent on the grounds that the allegations therein contained did not constitute a defense to the appellant's cause of action.

The presiding Judge overruled the demurrer, and the case having proceeded to trial before a jury on the law side of the Court, resulting in the trial Judge directing a verdict for respondent, comes to this Court on appeal, the exceptions alleging error in overruling the demurrer; in the admission and exclusion of testimony during the trial; in denying appellant's motion for a directed verdict; and in directing a verdict for respondent and not submitting the issues to the jury.

Appellant's first exception is directed to the refusal of the trial Judge to sustain the demurrer to the answer.

The answer denies the material allegations of the complaint, and affirmatively alleges a constructive delivery of the deed to respondent; the delivery of the deed being the major issue raised by the pleadings. The trial Judge, in a well-considered order, which will be reported, properly overruled the demurrer, and the exception thereto cannot be sustained.

Appellant's Exceptions 10, 11 and 12 will be considered together. Exception 10 alleges error in the refusal of the trial Judge to direct a verdict in favor of appellant. Exception 11 alleges error in directing a verdict for respondent, and Exception 12 alleges error in not submitting the case to the jury, in that there was evidence to go to the jury on the question of appellant's intention to deliver the deed; the actual delivery of the deed; the question of whether or not C. W. Godfrey was in fact agent for the respondent; the question of whether or not the parties were *in pari delicto;* and the question of whether or not the appellant came into the equity with clean hands, in view of her status with reference to her dependency upon C. W. Godfrey and her gratitude to him.

When it becomes necessary to remand a case for a new trial, it is the policy of this Court to discuss the testimony as briefly as possible, and if it is feasible to refrain entirely from a discussion thereof, this will be done. This case is such a one.

It was docketed on Calendar No. 1, and tried as a law case before the presiding Judge and a jury without objection; and the action involves the title to real estate. There are both legal and equitable issues, and the relief sought on the equity side of the Court is dependent upon the issues of fact to be decided in a Court of law.

In the order overruling the demurrer, the trial Judge cited and quoted from *Shaw v. Cunningham,* 16 S. C., 631, and *Patterson v. Causey,* 119 S. C., 12, 111 S. E., 725, to the effect that the question of the delivery of a deed is one which must be submitted to a jury if more than one inference can be drawn. Since this order is to be reported, we will not again quote the language of these cases. In connection, see case of *Powers v. Rawls,* 119 S. C., 134, 112 S. E., 78, 85, in which we find the following: "Delivery of a deed includes, not only an act by which the grantor evinces a purpose to part with the control of the instrument, but a concurring intent thereby to vest the title in the grantee. 8 R. C. L., 760; *Carrigan v. Byrd,* 23 S. C., 89; *Johnson v. Johnson,* 44 S. C. [364], 373, 22 S. E., 419; *Harrison v. Dunlap,* 96 S. C. [389], 392, 80 S. E., 619."

We have carefully reviewed the testimony herein, and are constrained to hold that more than one reasonable inference can be drawn therefrom, and that therefore it was necessary for the trial Judge to submit the issues to the jury.

Exception 10 is overruled, but Exceptions 11 and 12 are sustained.

Appellant's Exception 2 alleges error in refusing to allow appellant to offer in evidence the purported deed from appellant to respondent for the restricted purpose of attack, and not be bound by the instrument itself as evidence generally.

Appellant should have been allowed the privilege of introducing the deed for the restricted purpose, on the same theory or principle that where a litigant is compelled to use a witness in the proof of the execution of an instrument of writing, he can call such witness for this restricted purpose, and not be bound by other testimony of such witness. However, when the deed was introduced, appellant and the trial Court treated it as having been introduced for this restricted purpose, and therefore this error was harmless.

We deem it unnecessary to consider the other exceptions, but will state in passing that as to Exceptions 4, 6 and 7, the admission and exclusion of testimony is largely within the discretion of the trial Judge, and his rulings thereabout will not be disturbed unless amounting to an abuse of discretion.

The testimony was not objected to on the ground that it was incompetent under the Statute of Frauds, and will not be considered here. As to being objectionable under Section 692 of the Code, we think this position untenable. This Section (692), provides in substance that no party to an action shall be examined in regard to any transaction between such witness and a person at the time of such examination deceased, as a witness against a party then prosecuting or defending the action as "executor, administrator, heir-at-law, next of kin, assignee, legatee, devisee, or survivor of such deceased person, * * * when such examination * * * can in any manner affect the interest of such witness." The testimony comes within every provision of the statute, with one exception. The testimony offered and admitted in evidecne, while being against a party then prosecuting the action, the party so prosecuting the action was not doing so either as executor, administrator, heir-at-law, next of kin, assignee, legatee, devisee, or survivor of the deceased person.

Reversed and remanded for a new trial.

MR. CHIEF JUSTICE STABLER, MESSRS. JUSTICES BONHAM and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE A. L. GASTON concur.