Lonnie L. LONG, Appellant, v. Fred M. EHNI, Respondent.

(325 S. E. (2d) 319)

Supreme Court

## ORDER

April 19, 1983.

Respondent moves to dismiss this appeal on the ground the appeal was improperly filed in the Supreme Court. Respondent contends the appeal should have been filed in the circuit court.

The appeal was brought directly to this Court from a final judgment rendered by a master-in-equity. Appeals from final judgments by a master-in-equity should be filed in the circuit court, unless otherwise directed by order of the circuit court or by consent of the parties. S. C. Code Ann. § 14-11-90 (1976, as amended); *Glass v. Glass*, Order filed January 6, 1983.

In this case the Order of Reference authorized the master-in-equity to enter final judgment in accordance with Section 15-31-10 of the 1976 Code of Laws of South Carolina, as amended. There was no order of the circuit court authorizing a direct appeal to this Court from the master-in-equity and no written consent of the parties. Appellant contends that respondent's consent to the direct appeal to this Court may be inferred from respondent's participation in the appeal in this Court and from certain alleged oral representations by respondent's attorney at a pre-hearing settlement conference in this Court.

We hold, however, that § 14-11-90, construed together with § 15-31-10 of the 1967 Code, as amended, requires that in order for the parties to consent to a direct appeal to this Court from a final order of the master-in-equity, the parties must specifically so consent in writing at the time of entry of the Order of Reference.

Since the parties in this case did not consent at the time of entry of the Order of Reference and there was no order of the circuit court authorizing the direct appeal to the Supreme Court, this appeal is hereby dismissed.