0047

Mary M. SMITH, Evelyn Hildebrand, Jettie M. Cannon, Ruby Ferguson, Betty J. Mann, Ella V. Durant, Lela Mae Metts, and Millie J. Christofi, Petitioners-Respondents, v. Donald R. McCLAM, Lero L. McClam, and L. J. McClam, Defendants, of whom Donald R. McClam is Appellant, and Lero L. McClam and L. J. McClam are Respondents. Appeal of Donald R. McCLAM.

(312 S. E. (2d) 260)

Court of Appeals

*Jerome P. Askins, III*, Hemingway, *for appellant.*

*Richard G. Dusenbury*, Florence, *for petitioners-respondents.*

*Kenneth E. Merriman*, of Florence, *for respondents guardian ad litem.*

Jan. 16, 1984.

*Per Curiam:*

This action was brought by respondents, daughters of Lero McClam to set aside two deeds executed by Mrs. McClam to their brother, Donald. The daughters contend that in 1958 they conveyed their interests in two tracts of land to their mother in consideration for her promise that she would hold the property during her lifetime and at her death convey the property equally to all her children. They further claim that the conveyance of the tracts to Donald in 1966 and 1974 violated that agreement and was the result of fraud and undue influence practiced by Donald upon their mother. They also claim that their mother was mentally incompetent to convey the properties.

The case was tried before a judge and jury with four fact questions submitted to the jury. The jury's answers to the questions indicated they thought Mrs. McClam made an agreement with her children in 1958 to hold the property for their benefit; that Donald exerted undue influence on his mother to procure the deeds; that Mrs. McClam was competent to convey title to Donald at the time of execution of each deed; and that Donald fraudulently induced his mother to convey the properties to him.[1]

The trial judge orally indicated approval of the jury's answers to the questions, but did not enter an order setting aside the deeds. For the reasons discussed below, we remand the case to the lower court for the entry of an appropriate order.

An action to set aside a deed is an equity matter. *Atkinson v. Belser*, 273 S. C. 296, 255 S. E. (2d) 852 (1979). This court cannot conclude as a matter of law that the lower court necessarily must have entered an order setting aside the deeds based upon the jury's findings. To do so would amount to a sanctioning of the delegation by the lower court of its discretionary powers to the jury when only factual issues were submitted to the jury for determination.[2]

---

[1] Presumably the jury considered the facts under the provisions of Sections 15-23-70 and 15-33-70 of the 1976 Code of Laws.

[2] In charging the jury the judge indicated that he was not submitting the case to them "on a general verdict." He also did not indicate however, that he was submitting the questions for his "mere enlightenment."

This case is similar to the case of *Wright v. Patrick*, 262 S. C. 434, 205 S. E. (2d) 175 (1974). In that specific performance case the trial judge submitted factual questions to the jury. The jury's verdict supported specific performance. The trial judge refused to order specific performance. A question arose as to the interpretation of Section 10-1457, 1962 Code (now 15-33-70 of the 1976 Code). The Supreme Court said:

> At most, Section 10-1457 makes the jury's findings conclusive on solely those particular matters submitted to it. While a jury may determine factual matters in an equity proceeding, a jury cannot grant the ultimate relief sought in this instance. Only an equity court in its discretion can grant a decree requiring specific performance of a contract to make a will, and we are not prepared to say that the trial court erred in refusing to do so upon the facts ... of this case.

*Wright v. Patrick*, 262 S. C. at 441, 205 S. E. (2d) 175.

The trial judge had the responsibility to enter an order consistent with the jury's findings if there was any evidence to support such findings. *Johnstone v. Matthews*, 183 S. C. 360, 191 S. E. 223 (1937); 27 Am. Jur. (2d) *Equity* Section 242. Until he does, we have nothing to review. The judgment must be the result of the conlusions of the judge on both the law and the facts. *Gadsden v. Whaley* 9 S. C. 147 (1878).

In remanding this case, we bring to the lower court's attention the fact that our review of the record fails to disclose any evidence of fraud or undue influence as relates to the 1966 deed. We also have concern about the applicability of the Statute of Frauds to the evidence relating to the purported parol agreement entered into by Mrs. McClam for the benefit of her children.

Accordingly, this matter is remanded to the trial court for the entry of an appropriate order.

Remanded.