0552

FIRST CITIZENS BANK AND TRUST COMPANY OF SOUTH CARO-
LINA, Respondent, v. Joe W. SCOFIELD, Jr., and Venita McCue
Scofield, Appellants.

(335 S. E. (2d) 248)

Court of Appeals

*Joseph W. Ginn, III,* of *Thomas & Ginn,* Charleston, *for appellants.*

*Albert A. Lacour, III,* Charleston, *for respondent.*

Heard April 15, 1985.

Decided Sept. 23, 1985.

BELL, Judge:

First Citizens Bank commenced this action to set aside a voluntary conveyance from Joe W. Scofield, Jr., to his mother, Venita McCue Scofield. The Bank alleged the conveyance was to prevent it from collecting a judgment against Scofield for an unpaid indebtedness. The circuit court entered a decree setting aside the conveyance. The Scofields appeal. We affirm.

In January 1977, Scofield executed a promissory note to the Bank to cover certain business indebtedness. The note was renewed in January 1978. Scofield defaulted on the note in June 1979.

In August 1978, prior to his default on the note, Scofield conveyed his residence in Mount Pleasant to his mother. The mother paid nothing for the property. After the conveyance, Scofield continued to reside on the property and to pay the mortgage and taxes on it. He pays no rent to his mother. The mother continues to reside at her own home on James Island. She testified she knew nothing about the conveyance until it was completed.

The Bank obtained a judgment on the note in May 1980. In August 1980 an execution was returned nulla bona by the sheriff of Charleston County. Thereafter the Bank commenced this action to have the conveyance set aside.

We hold the conveyance from Scofield to his mother was void under the Statute of Elizabeth, now codified as Section 27-23-10, Code of Laws of South Carolina, 1976. One who is in debt cannot make a voluntary conveyance which will prevail against existing debts. *Cordery v. Zealy*, 18 S.C.L. (2 Bail.) 97 (1831); *Richardson v. Rhodus*, 48 S.C.L. (14 Rich.) 30 (1866). If the debt was in existence at the time of the conveyance, it is immaterial that it had not yet been reduced to judgment. *Matthews v. Montgomery*, 193 S. C. 118, 7 S. E. (2d) 841 (1940). A voluntary conveyance which has the effect of defeating the rights of existing creditors is not saved from the operation of the statute by reciting a consideration of five dollars and "love and affection." *See Farmers' Bank v. Bradham*, 129 S. C. 270, 123 S. E. 835 (1924); *Coleman v. Daniel*, 261 S. C. 198, 199 S. E. (2d) 74 (1973).

The decree of the circuit court is

Affirmed.

SANDERS, C.J., and SHAW, J., concur.