0886

FIRST STATE SAVINGS AND LOAN ASSOCIATION, Respondent v.
Frances H. NODINE, Appellant.

(354 S. E. (2d) 51)

Court of Appeals

*Robert S. French*, of *Thomason, French & DeVine*, Spartanburg, *for appellant.*

*Judson K. Chapin, III*, of *Perrin, Perrin, Mann & Patterson*, Spartanburg, *for respondent.*

Heard Jan. 28, 1987.

Decided Feb. 23, 1987.

CURETON, Judge:

First State Savings and Loan Association commenced this suit to set aside a conveyance of real property to Frances Nodine from her now deceased son, Gary Nodine. First State, a creditor of Gary, claims the conveyance was made for the purpose of defrauding it. The trial judge granted First State's motion for a directed verdict. Frances appeals. We reverse and remand.

Gary purchased a residence by deed dated December 12, 1978, for $14,000.00. He executed a purchase money mortgage to the seller to be paid over eighteen years in the amount of $122.50 per month beginning in January 1979. His mother, Frances, made all the mortgage payments on this house beginning in July 1979. Frances and Gary's father paid for and performed maintenance on the house and paid at least some of the taxes and insurance. Frances testified that the house was now rented, and that no one had lived there except for the short time when it was first purchased. Gary executed a deed to Frances dated October 8, 1983 which

conveyed this property to his mother for consideration of "Ten dollars, love and affection."

On October 28, 1982, Gary executed a note to pay First State the sum of $5,514.72 in forty-eight monthly installments commencing November 15, 1982. On July 18, 1983, Gary executed a note to pay First State $20,638.85 on or before July 28, 1983. Gary defaulted on payment of both of the notes. On January 10, 1985, First State obtained a default judgment against Gary on these notes for $34,084.55. Gary was ordered to immediately assemble and deliver certain collateral consisting solely of personal property. Apparently this was never pursued by First State.

On January 16, 1985, First State commenced this action to set aside the deed to Frances, claiming that the consideration was grossly inadequate and "made with the intent to defraud [First State], which at the time of the said conveyance was a creditor of Gary D. Nodine; and that that intent was shared by Frances H. Nodine."

Frances alleged in her answer that she and Gary agreed on or about July 11, 1979 that she would become the owner of the property and would be responsible for all mortgage indebtedness. She further alleged that she has paid all indebtedness on the property since July 1979, and that the property has belonged to her since that time, although the deed was not executed until October 8, 1983. Finally, Frances denied any intent to defraud First State.

Gary was killed in an automobile accident on May 1, 1985. The case was tried before a jury on November 13, 1985. The trial judge refused to allow Frances to testify concerning the real property transaction with Gary, ruling this testimony was barred under the Dead Man's Statute, Section 19-11-20, Code of Laws of South Carolina, 1976. At the conclusion of all the evidence the trial judge directed a verdict in favor of First State. The judge stated in granting the motion that based on his review of the cases of *Coleman v. Daniel*, 261 S. C. 198, 199 S. E. (2d) 74 (1973), and *First Citizens Bank and Trust Company of South Carolina v. Scofield*, 286 S. C. 520, 335 S. E. (2d) 248 (Ct. App. 1985), this deed must be set aside since one cannot make a voluntary conveyance which has the effect of defeating the rights of existing creditors.

We first consider the standard of review appropriate in this case. This case was tried before a jury. The judge, in issuing his order granting a directed verdict, stated that he found no factual issues to be determined by the jury, and the only reasonable inference was that First State's motion for a directed verdict must be granted. An action to set aside a deed is an equity matter. *Coleman v. Daniel, supra; Smith v. McClam*, 280 S. C. 398, 312 S. E. (2d) 260 (Ct. App. 1984). While not addressed at trial, under provisions of S.C.R. Civ. P. 39(c), a jury may render an advisory verdict in equity matters. It may not, however, render a verdict granting ultimate relief unless consented to by both parties. *Id.* Since the record does not reflect the parties consented to the jury rendering a final verdict,[1] we treat the case as one tried in equity, and will review the record and determine the facts for ourselves. *Wright v. Patrick*, 262 S. C. 434, 205 S. E. (2d) 175 (1974).

Frances first argues that the trial judge committed prejudicial error in ruling that any testimony given by her concerning a 1979 agreement with her son Gary to purchase the house from him and assume the purchase money mortgage violated the Dead Man's Statute. We agree.

Section 19-11-20 provides in substance that no party to an action shall be examined in regard to any transaction between such witness and a person at the time of such examination deceased, "as a witness against a party then prosecuting or defending the action as executor, administrator, heir-at-law, next of kin, assignee, legatee, devisee or survivor of such deceased person. . . ." The proffered testimony of Frances, while within every other provision of the statute, is not offered against a party prosecuting or defending the action as executor, administrator, heir-at-law, next of kin, assignee, legatee, devisee or survivor of Gary and is thus admissible for the purposes offered. *Godfrey v. Godfrey*, 182 S. C. 117, 188 S. E. 653 (1936); *Hutzler v. Phillips*, 26

---

[1] We are of the opinion also that the mere acquiescence of the parties in the irregular posture of this case did not infer a consent where the record reflects no affirmative consent. *See, Long v. Ehni*, 283 S. C. 554, 325 S. E. (2d) 319 (1983).

S. C. 136, 1 S. E. 502 (1887); *Cantey v. Whitaker,* 17 S. C. 527 (1882).

Without citing any authority, First State argues that ██ "as judgment creditor of the deceased (Gary) [it] stands as an assignee of the deceased's estate as to the property at issue and, as such, is entitled to the same protection from falsehoods as would the deceased's estate if it were prosecuting this action on its own behalf." The case law is otherwise. *Norris v. Clinkscales,* 47 S. C. 488, 25 S. E. 797 (1896); *Jackson v. Lewis,* 32 S. C. 593, 10 S. E. 1074 (1890). Only the testimony of those persons specifically included in the particular relations referred to in the statute can be considered as embraced in the provisions of the statute; the testimony of others not named, even though within the mischief intended to be prevented, cannot be excluded. *Norris v. Clinkscales, supra; Colvin v. Phillips,* 25 S. C. 228 (1886); *Cantey v. Whitaker, supra.*

Frances next argues that First State failed to prove by a preponderance of the evidence that the conveyance to her was fraudulent. To reach that question, however, we must decide whether the question of intent to defraud creditors was relevant to a determination by the trial court to set aside the deed or whether under the facts of this case intent to defraud will be presumed. If intent to defraud cannot be presumed, then we are constrained to reverse because, as found above, the trial judge should not have excluded Frances' testimony concerning the 1979 transaction with Gary since evidence of that transaction would reflect upon Gary's intent in deeding the property to his mother in 1983.

The trial judge concluded that the case of *First Citizens Bank and Trust Company of South Carolina v. Scofield, supra,* was "on all fours with the case now before the court." As we read his order, he interpreted *Scofield* to say that if one is in debt he cannot make a conveyance provided the effect of the conveyance leaves him unable to pay his creditors. We disagree with that interpretation. In *Scofield* the Court stated: "One who is in debt cannot make a voluntary conveyance which will prevail against existing debts" citing *Richardson v. Rhodus,* 48 S.C.L. (14 Rich.) 95 (1866). It is clear from the facts of *Scofield* that the conveyance by the son to his mother was

without consideration and that the Court used the term "voluntary conveyance" in contrast to a conveyance for a valuable consideration. A conveyance made upon a mere nominal consideration or without consideration is "voluntary." *See*, 44 Words and Phrases *Voluntary* 635 (1962). Moreover, the *Rhodus* case cited in *Schofield* as supporting the voluntary conveyance proposition states that if a conveyance rests upon a valuable consideration, an inquiry must be had into the "actual fraudulent intent in the execution of the conveyance" before the conveyance may be set aside as fraudulent. 48 S.C.L. at 101.

Where a conveyance to a family member or close relative is attacked on account of its voluntary character, the law imposes a duty on the transferee to establish both a valuable consideration and the bona fides of the transaction by clear and convincing evidence. *Coleman v. Daniel, supra.* Here, however, Frances was precluded from presenting evidence that she had in fact orally contracted to purchase the property from Gary in 1979.[2] Such evidence, together with other evidence that she has maintained the property, paid taxes, insurance and all mortgage payments on the property since 1979, could arguably be sufficient to show both an adequate consideration and the bona fides of the conveyance to her.

We hold that the trial judge effectively precluded Frances from proving both that she paid a valuable consideration for the conveyance and the bona fides of the transaction. Accordingly, the order of the trial court is reversed and the case remanded for a new trial.

Reversed and remanded.

SANDERS, C. J., and GOOLSBY, J., concur.

---

[2] First State has not argued as an additional sustaining ground that Frances' testimony violates the Statute of Frauds.