**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lucille Patricia Smith, Respondent,

v.

The Heirs at Law of Benjamin Days a/k/a Ben Deas a/k/a Daise the heirs at law of Samuel Daise, the heirs at law of Anna Daise, the heirs at law of Manny Daise, the heirs at law of George Daise, the heirs at law of Marie Daise Middleton, the heirs at law of Rose Middleton, the heirs at law of Charlie Middleton, the heirs at law of W.H. Deas, Howard Chaplin, Harriet Chaplin, and all other persons unknown, having or claiming any rights, title or interest in or lien upon the real property described in the complaint herein, being designated collectively as John Doe or Sarah Roe, including all minors, persons in the Armed Forces, and insane persons and all other persons under any other disability who might have or claim to have any right, title, estate or interest in or lien upon the real property described in the complaint herein,

Of whom Howard Chaplin and Harriet Chaplin are the Appellants.

Appellate Case No. 2012-213578

———————————

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

———————————

Unpublished Opinion No. 2014-UP-299

Heard June 3, 2014 – Filed July 30, 2014

**AFFIRMED**

Bruce Robert Hoffman, of Law Office of Bruce R. Hoffman, LLC, of Saint Helena Island, for Appellants.

Alysoun M. Eversole, of Eversole Law Firm, P.C., of Beaufort, for Respondent.

**PER CURIAM:** In this action to determine title to an eight acre tract of real property, known as Lot 2, Howard and Harriet Chaplin (collectively, the Chaplins) appeal the Master-in-Equity's decision to quiet and confirm title in Lucille Patricia Smith's name. The Chaplins contend the Master erred in (1) failing to sustain their objection to portions of testimony from James D. Smith, Lucille's father,[1] based upon the Dead Man's Statute, (2) denying their motion for a directed verdict, (3) resolving any boundary dispute involving Lot 2 in Lucille's favor, and (4) failing to quiet and confirm title to Lot 2 in their name based upon adverse possession. We affirm pursuant to Rule 220(b), SCACR.

1. As to whether Lucille had standing to bring an action to quiet title, we find the Chaplins did not preserve this issue for our review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (holding that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review); *Noisette v. Ismail*, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (finding the issue was not preserved for appellate review when the trial court did not explicitly rule on the appellant's argument and the appellant did not raise the issue in a Rule 59(e), SCRCP, motion to alter or amend the judgment).

2. As to whether the Master erred in admitting James's testimony regarding his parentage, we affirm. *See* S.C. Code Ann. § 19-11-20 (2014) ("[N]o party to an

---

[1] James D. Smith was also known as Bobby Daise, but he admits his name was never legally changed.

action or proceeding, no person who has a legal or equitable interest which may be affected by the event of the action or proceeding . . . shall be examined in regard to any transaction or communication between such witness and a person at the time of such examination deceased . . . as a witness against a party then prosecuting or defending the action as executor, administrator, heir-at-law, next of kin, assignee, legatee, devisee or survivor of such deceased person . . . when such examination or any judgment or determination in such action or proceeding can in any manner affect the interest of such witness or the interest previously owned or represented by him. . . ."); *First State Sav. & Loan Ass'n v. Nodine*, 291 S.C. 445, 449, 354 S.E.2d 51, 53 (Ct. App. 1987) ("Only the testimony of those persons specifically included in the particular relations referred to in the statute can be considered as embraced in the provisions of the statute; the testimony of others not named, even though within the mischief intended to be prevented, cannot be excluded.").

3.  As to whether the Master erred in finding the Chaplins did not present clear and convincing evidence that they adversely possessed Lot 2, either through simple adverse possession or adverse possession by color of title, we affirm.  *See Jones v. Leagan*, 384 S.C. 1, 10, 681 S.E.2d 6, 11 (Ct. App. 2009) (holding that an action to quiet title is normally an action in equity, but when it primarily involves the determination of title to real property based on adverse possession, it is characterized as an action at law and "appellate review is limited to a determination of whether any evidence reasonably tends to support the trier of fact's findings"); *id.* at 12, 681 S.E.2d at 12 (finding the trial court, as trier of fact, "has the task of assessing the credibility, persuasiveness, and weight of the evidence presented," and this court must affirm the factual findings of the trial court "unless no evidence reasonably supports those findings"); *id.* at 13, 681 S.E.2d at 12 ("Sworn testimony, albeit self-serving, is still evidence."); *Clark v. Hargrave*, 323 S.C. 84, 87, 473 S.E.2d 474, 476 (Ct. App. 1996) ("It is axiomatic that a party claiming title by adverse possession must show the extent of his possession.  This requirement is not negated by the mere fact the adverse claimant enters under color of title." (citation omitted)); *id.* at 87, 473 S.E.2d at 476-77 ("It is well settled that '[w]hile color of title draws the constructive possession of the whole premises to the actual possession of a part only, and is evidence of the extent of the possession claimed, it is not of itself evidence of adverse possession, and it does not follow that adverse possession can be proved by less evidence when the entry is under color of title than when it is not.'" (alteration by court) (quoting *Butler v. Lindsey*, 293 S.C. 466, 470, 361 S.E.2d 621, 623 (Ct. App. 1987))); *id.* at 87, 473 S.E.2d at 477 ("Moreover, proof of title by adverse possession requires a showing by clear and convincing evidence of actual, open, notorious, hostile, continuous, and exclusive

possession by the claimant, or by one or more persons through whom he has claimed for the full statutory period."); S.C. Code Ann. § 15-67-210 (2005) (stating that the relevant statutory period for adverse possession is ten years); *Jones*, 384 S.C. at 16, 681 S.E.2d at 14 ("'Occasional and temporary use or occupation does not constitute adverse possession.'") (quoting *Getsinger v. Midlands Orthopaedic Profit Sharing Plan*, 327 S.C. 424, 430, 489 S.E.2d 223, 226 (Ct. App. 1997))).

4. As to whether the Master erred in finding Lucille's claim was not barred by stale demand, laches, or waiver, we affirm. *See King v. James*, 388 S.C. 16, 28, 694 S.E.2d 35, 41 (Ct. App. 2010) ("Under the doctrine of laches, if a party, knowing his rights, does not seasonably assert them, but by unreasonable delay causes his adversary to incur expenses or enter into obligations or otherwise detrimentally change his position, then equity will ordinarily refuse to enforce those rights. The party seeking to establish laches must show: (1) a delay, (2) that was unreasonable under the circumstances, and (3) prejudice." (citation omitted)); *id.* ("When a Master declines to make a finding of laches, that decision will not be disturbed absent an abuse of discretion."); *All Saints Parish, Waccamaw v. The Protestant Episcopal Church in the Diocese of S.C.*, 358 S.C. 209, 236, 595 S.E.2d 253, 268 (Ct. App. 2004) (stating that a stale demand is "'one that has for a long time remained unasserted; one that is first asserted after an unexplained delay of such great length as to render it difficult or impossible for the court to ascertain the truth of the matters in controversy and to do justice between the parties, or as to create a presumption against the existence or validity of the claim, or a presumption that it has been abandoned or satisfied'" (quoting *Presbyterian Church of James Island v. Pendarvis*, 227 S.C. 50, 59, 86 S.E.2d 740, 744 (1955))); *Lyles v. BMI, Inc.*, 292 S.C. 153, 158, 355 S.E.2d 282, 285 (Ct. App. 1987) ("A waiver is an intentional relinquishment of a known right.").

5. As to whether the Master erred in determining the boundary dispute in Lucille's favor, we affirm. *See Jones*, 384 S.C. at 12, 681 S.E.2d at 12 (finding the trial court, as trier of fact, "has the task of assessing the credibility, persuasiveness, and weight of the evidence presented" and this court must affirm the factual findings of the trial court "unless no evidence reasonably supports those findings").

**AFFIRMED.**

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**